```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
-------------------------------------------------X  DATE FILED: October 17, 2012
GEORGE BING TONKS,                              :
                                                :
                  Petitioner,                   :
                                                :   06 Cr. 771, 11 Civ. 2687 (PAC)
         - against -                            :   OPINION & ORDER
                                                :
THE UNITED STATES OF AMERICA,                   :
                                                :
                  Respondent.                   :
-------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

  Defendant George Bing Tonks (Tonks) petitions under 28 U.S.C. 2255 to vacate, set aside or correct his sentence, claiming ineffective assistance of counsel.

  On November 27, 2007, Tonks pled guilty pursuant to a written plea agreement, dated June 18, 2007. The plea agreement stated "defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range [of] . . . 108 to 135 months . . . ." When the plea was taken, the Court specifically called this waiver provision to Tonks' attention. (Nov. 27, 2007 Tr. at 10:15-22.) Tonks said in open Court, while under oath, that he understood this waiver. (Id. at 10:22.) Tonks was sentenced within the Guidelines Range to 115 months.

  Notwithstanding his waiver, Tonks appealed and raised the same scandalous grounds he raised before he voluntarily pled guilty. The Second Circuit affirmed his conviction. U.S. v. Catalano, et al., 372 Fed. App'x 168, 170, 2010 WL 1559067, at *2 (2d Cir. 2010). Tonks' 2255 petition returns to his scandal mongering, makes the same allegations, but now claims ineffective assistance of counsel. He contends that had defense counsel properly and competently

1

investigated his scandalous allegations, somehow Tonks would not have been forced to plead guilty.

Tonks claims three types of ineffectiveness: (1) failure to investigate, subpoena, challenge, object or appeal issues relating to a claim of outrageous government conduct that he raised before the Court prior to his guilty plea (Mot. at 7.), and failure to request a competency hearing (id.); (2) failure to investigate, challenge, object or appeal his allegedly involuntary plea (id. at 10.); and (3) failure to challenge vindictive prosecution and fraud upon the Court (id. at 14.).

Tonks' petition is DENIED. Tonks voluntarily agreed to waive his right to collaterally attack his sentence and that waiver is enforceable. Further, the claims of ineffective trial and appellate counsel are without merit.

## BACKGROUND

**A. Tonks' Plea Agreement and Guilty Plea**

On September 11, 2006, Tonks and his co-conspirators were charged in a two-count indictment with wire fraud conspiracy and a wire fraud scheme, in which Tonks solicited interest from people who wanted to appear in adult movies. (Criminal Indictment, Dkt 23; PSR ¶¶ 43, 47-48.) When people responded to the advertisements, they were solicited for "advance fees" for various costs such as screen testing, AIDS testing, and studio space. (PSR ¶ 14, 65.) Needless to say, the money went to Tonks, and when victims called, they were solicited for more money. (Id.)

On November 27, 2007 Tonks pled guilty to Counts One (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349) and Two (wire fraud, in violation of 18 U.S.C. § 1343), pursuant to a plea agreement dated June 18, 2007. (Gov't Opp. Ex. A at 1.) The plea agreement

stipulated a Guidelines sentencing range of 108 to 135 months' imprisonment, which Tonks agreed was reasonable in light of all the 18 U.S.C. § 3553(a) factors.  (Id. at 3-5.)  In addition, the Plea Agreement stated that:

> [T]he defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (108 to 135 months) . . . .

At the plea session, Tonks, under oath, said he understood the indictment's charges, appreciated the consequences of a plea of guilty and was satisfied with his counsel's advice and representation.  (Nov. 27, 2007 Tr. at 4:10-22.)  Further, Tonks said he had read the plea agreement, discussed it with counsel, and understood its parameters.  (Id. at 8:11 to 9:3.)  The Court specifically addressed the waiver of appeal and collateral attack provision. (Id. at 10:15-21.)  Tonks stated what his criminal conduct was:

> From August 2001 to, I would say, June of 2006, I agreed with others to operate a business geared towards individuals seeking employment in the adult film industry.  We began to defraud those individuals by seeking money from them to participate in films.  As part of the conspiracy, I placed ads in newspapers around the country, soliciting individuals to work in the adult film industry.  I also picked up money that was wired through Western Union to Manhattan.

(Id. at 12:16-24.)  In response to further questions, Tonks said he knew the wire transfers were coming from out of state, into New York State, and he acknowledged that he knew what he was doing was wrong.  (Id. at 13 to 14:6.)

On May 6, 2008, the Court sentenced Tonks within the guidelines range set forth in the plea agreement to 115 months' imprisonment on Counts One and Two to run concurrently.  (Dkt. No. 66, Criminal Judgment, dated May 8, 2008.)

**B. Tonks' Claims of Outrageous Government Misconduct**

After the plea agreement was prepared in June 2007 but prior to pleading guilty in November 2007, Tonks contended that he was victimized by truly scandalous government misbehavior which led to his indictment. The allegations were articulated in two letters to the Court, dated October 9 and October 22, 2007. The core of the pro se letters is that a federal agent named Brian Hamoui or Brian Hamway had a sexual relationship with Tonks and induced Tonks to participate in illegal activities unrelated to the crimes charged in the indictment. Tonks further asserted that Assistant U.S. Attorney ("AUSA") Brett Williams, a prosecutor previously assigned to the case, entered Tonks' office in the Empire State Building and used his computer on several occasions. Tonks met with both the Assistant U.S. Attorneys assigned to the criminal matter to discuss his allegations of misbehavior. (Nov. 14, 2007 Tr. 4:25 to 5:4.)

At the October 25, 2007 hearing, the Court inquired further about these allegations. Tonks' counsel reported that Tonks had passed a polygraph test, and that he would like the Government to continue its investigation. (Oct. 25, 2007 Tr. 3:19-22; 4:3-6.) The Court adjourned the plea scheduled for that day and directed Tonks' counsel to submit a detailed report regarding the allegations to the Government, which would then conduct an investigation. (Id. at 11:7-12.) At the same proceeding, Tonks withdrew his request for new counsel, which had been the subject of two letters to the Court, dated October 14, 2007 and said he was satisfied with counsel's representation. (Id. at 3:2-8; 11:13-20; 15:22 to 16:10.)

On November 2, 2007, defense counsel provided a written submission which simply repeated Tonks' allegations of outrageous government misconduct, but offered no proof of Tonks' claims. On November 9, 2007, the Government stated that it had conducted a computer search and certified that Hamoui or Hamway was neither a federal law enforcement agent nor an

4

employee of the New York Police Department ("NYPD").  The report also certified that AUSA Williams had never been in contact with Tonks and had never gone to his office in the Empire State Building.  On November 14, 2007, the Court evaluated the Government's submissions, and finding that Tonks offered no proof beyond repetition of his allegations, determined that there was no basis for a hearing prior to acceptance of the plea agreement. (See Nov. 14, 2007 Tr. at 5:20-25; 6:1-13.)  Two weeks later, Tonks pled guilty pursuant to the agreement he had signed.

### C. Tonks' Direct Appeal

On May 13, 2008, Tonks appealed his conviction. (See Gov't Opp. Ex. B at 4.)  Tonks' first assigned counsel filed an Anders v. California, 386 U.S. 738 (1967), brief and requested permission to withdraw.  The Second Circuit found the Anders brief insufficient because it "lacks any discussion of the validity of Appellant's appellate waiver provision and guilty plea in light of Appellant's allegations in the sealed proceeding regarding improper government conduct."  Appellate counsel was directed to file a supplemental Anders brief to address (in addition to any other) "allegations on the voluntary and knowing nature of the appellate waiver provision and the guilty plea."  (Id. at 6-7 of 16.)  Assigned appellate counsel complied with the Court's directions and filed a revised Anders brief.  She moved for permission to withdraw, and the Government moved to dismiss, or in the alternative, for a summary affirmance.  The Court denied the motions.  The Court "determined that non-frivolous issues exist for appeal."  It relieved appellate counsel and appointed new counsel.  New counsel was ordered to brief, in addition to any other appropriate issue, "whether the district court abused its discretion by not ordering a competency hearing before accepting Appellant's plea agreement and allowing Appellant to plead guilty."  (Id. at 10 of 16.)

Tonks raised three issues on appeal: (1) the district court should have ordered an evidentiary hearing with respect to the allegation of outrageous government misconduct; (2) the district court should have conducted a competency hearing; (3) counsel was ineffective for failing to investigate and present mitigating evidence at sentencing.  U.S. v. Catalano et al., 372 Fed. App'x 168, 169 (2d Cir. 2010).

With respect to the first claim, the Second Circuit held that Tonks' "unconditional guilty plea precludes his claim of outrageous government conduct." Id.  Tonks' voluntary guilty plea, with his specific allocution as to all of the elements of the crimes charged in the indictment, was an unconditional waiver of all challenges to the prosecution.  Id. at 169-70.  With respect to the second issue, the Court determined that the district judge was in the best position to decide Tonks' competence.  The District Court "had no shortage of opportunities . . . to observe Tonks and arrive at an informed assessment that Tonks was competent to plead and be sentenced." Id. at 170.  Included in these opportunities were Tonks' numerous pro se letters that he sent to the Court raising the allegations of outrageous misconduct.  Tonks followed the same letter writing practices with the Second Circuit.  He specifically raised the issues of outrageous misconduct, and further claimed that if the charges were not true, then he was delusional and not competent to plead guilty.  While Tonks' claims are both bizarre and perverse, there is no doubt as to his competence, as the Circuit Court affirmed.

## **DISCUSSION**

Tonks' Section 2255 petition faces a heavy burden, as "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a

fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (citation omitted).

**A. Validity of the Sentencing Agreement and Waiver**

With limited exceptions, knowing and voluntary waivers of the right to appeal or collaterally attack one's sentence are valid and enforceable. See, e.g., Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001). These limited exceptions are:

> [w]hen the waiver was not made knowingly and voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.

United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (citations omitted).

A defendant's Section 2255-waiver is knowing and voluntary where the defendant "fully understood the consequences of the waiver," and his decision was not "the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." Lindsey v. United States, No. 04 Civ. 7985 (KMW), 2007 WL 4562927, at *2 (S.D.N.Y. 2007) (citing United States v. Rogue, 421 F.3d 118, 122 (2d Cir. 2005)). One consideration is whether the court pointed to the specific rights to be waived. See United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996).

Where the record reveals that the waiver was knowing and voluntary, and if there is no merit to the ineffective assistance claim, the waiver should be enforced. See United States v. Monzon, 359 F.3d 110, 115, and 119 (2d Cir. 2004). During the plea allocution, Tonks stated that he read the plea agreement, reviewed it with counsel, fully understood its terms, and voluntarily pled guilty. (Nov. 27, 2007 Tr. at 8:16 to 9:3.) He said that the plea was not the product of threat or coercion, but rather was voluntary. When asked whether Tonks understood

that by agreeing to the waiver provision he was "restricting [his] rights to appeal," Tonks responded, "Yes." (Id. at 10:22.) Tonks offers no explanation for why the Court should disregard this express waiver. The Court is entitled to rely on Tonks' statements regarding his understanding of the waiver provision. See United States v. Hernandez, 242 F.3d 110, 112-13 (2d Cir. 2011). The Court finds that Tonks' waiver bars the instant petition. See Luna v. United States, No. 98 Civ. 7970 (PKL), 1999 WL 767420, at *3 (S.D.N.Y. Sept. 28, 1999).

## B. Tonks' Ineffective Assistance of Counsel Claims

To overcome a valid waiver, Tonks must show that he received ineffective assistance of counsel "*in connection with* the negotiation and execution of the agreement containing the waiver." Lindsey, 2007 WL 4562927, at *2 (emphasis in original). The petitioner must also show both "(1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense." Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984)). In assessing the first factor, a court must adopt the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As to the second factor, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." Id. at 694. Where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," Section 2255 does not require any ineffective assistance of counsel hearing. 28 U.S.C. § 2255(b); see also Dalli v. United States, 491 F.2d 758, 760-61 (2d Cir. 1974).

1. <u>Defense Counsel's Failure to Investigate Tonks' Outrageous Government Conduct Claim</u>

Under <u>Strickland</u>, defense counsel has a duty "to make reasonable investigations . . . ." 466 U.S. 668, 691 (1984). The law does not, however, "compel defense counsel to investigate comprehensively every lead or possible defense . . . ." <u>Grenier v. Wells</u>, 417 F.3d 305, 321 (2d Cir. 2005). Where "certain investigations would be fruitless or even harmful," "counsel's failure to pursue those investigations may not later be challenged as unreasonable." <u>Id</u>.

Tonks alleges that government agents sexually tortured him and that the torture led to his indictment. He disclosed this tale to his counsel, but they failed to properly investigate. Based on this, Tonks claims that defense counsel 1) did not investigate unspecified, "crucial available evidence"; (2) failed to request a competency hearing (i.e., if the charges he made were not true, he must have been delusional) (3) failed to challenge the fact that documents submitted by the Government were "unsworn hearsay assertions;" (4) inserted their personal views regarding the Government's investigation of Tonks' claims; (5) failed to subpoena allegedly recorded telephone conversations made by Tonks to support his claim; (6) did not interview "six viable witnesses"; (7) did not submit unspecified "pertinent evidence"; and (8) neglected to take statements of eight other "viable witnesses." (Mot. 7-8.)

There is absolutely no support for any of these charges. While Tonks makes a perverse offer of proof concerning the private parts of the alleged perpetrators, he fails to explain how the perversion he describes is related to his counsel's conduct or to his voluntary plea of guilty to Counts 1 and 2. The allegations of his contention which could be verified turned out to be not so. After an investigation, the Government verified that Brian Hamway or Hamoui was not a government law enforcement agent. As to AUSA Williams, Tonks' charges were completely lacking in specificity, and Williams denied having any contact with Tonks or being in the Empire

State Building.  At present, as before, Tonks still fails to bring forward any evidence to support his contention that additional investigation by his counsel would have resulted in a different outcome.  See Mocombe v. United States, 2005 WL 730566, at *3 (S.D.N.Y. 2005).

Further, counsel was not deficient in representing Tonks.  Counsel reported the results of Tonks' polygraph test and demanded that the United States Attorney's Office continue its investigation of Tonks' allegations.  The plea hearing was adjourned so that the Government could investigate the allegations. (Oct. 25, 2007 Tr. at 3, 6-7.)

   2.  Defense Counsel's Failure to Request a Competency Hearing

After claiming that his allegations of outrageous government misconduct were so serious that counsel was ineffective for not investigating them, Tonks shifts gears and asserts the allegations are so "outlandish" that he must be "delusional."  (D. Mot. at 7.)  And if "delusional," Tonks claims that counsel should have demanded a competency hearing; and was deficient for failing to do so.  (Id.)  These ludicrous charges can fare no better than they did when Tonks raised them on appeal.  In light of numerous pro se filings in the Second Circuit, that Court directed appellate counsel to brief whether the district court should have conducted a competency hearing before accepting the plea agreement.  (Gov. Opp. Br. Ex. B page 9 of 16.)  The Second Circuit rejected the argument and it is rejected as well in this 2255 petition.  U.S. v. Catalano et al., 372 Fed. App'x at 170.

   3.  Trial and Appellate Counsel's Failures Concerning the Plea Agreement

Tonks claims that his counsel was ineffective in failing to challenge the plea agreement, both its negotiation and in failing to challenge it on appeal. (Mot. at 6.)  Tonks contends that had counsel conducted a proper investigation of the outrageous government misconduct, he would not have signed the plea agreement.  This is meritless because counsel in fact pursued Tonks'

10

government misconduct claim prior to the plea proceeding. While the misconduct issue was being pursued, Tonks withdrew his written requests, dated October 14, 2007, that his trial counsel be relieved. Further, Tonks repeatedly assured the Court that he was satisfied with his counsels' representation, which further undermines his claim that counsel did not perform acceptably. (Oct. 25, 2007 Tr. at 11; Nov. 27, 2007 Tr. at 4.)

Finally, Tonks cannot satisfy the second prong of Strickland. To demonstrate prejudice, a petitioner "must proffer arguably credible evidence of a *prima facie* case that, but for counsel's improper advice, [he] would have" entered the opposite plea. Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009). The bald statement that the petitioner would have accepted or declined a plea had it not been for counsel's advice alone will not suffice. Id. at 216. Tonks still fails to identify any evidence or proof of his claims. The absence of any proof in this case and the ample evidence supporting Tonks' guilt, (see 11-cv-02687-PAC, Dkt. No. 23 (the Criminal Indictment)) (including Tonks' admission of the factual allegations in the indictment), confirm the lack of prejudice.

    4. Claims of Vindictive Prosecution

Tonks claims that his trial counsel was ineffective for failing to challenge "malicious" or "vindictive" prosecution by the Government. (Mot. at 14). To succeed on a vindictive prosecution claim, a defendant must allege that the prosecution was in retribution for the exercise of a legal right. See, e.g., United States v. White, 972 F.2d 16, 19 (2d Cir. 1992) (citations omitted). The record does not support a claim of vindictive prosecution as charges against Tonks preceded his claim of outrageous government conduct. Accordingly, the argument that Tonks'

counsel somehow performed unreasonably in omitting to bring such a claim, or that he was prejudiced for such omission, is without merit.[1]

## CONCLUSION

For the reasons above, Tonks' Section 2255 petition for relief is DENIED. Since Tonks has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
October 17, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed To:
George Bing Tonks
Reg# 09650-425
Federal Correctional Institution - Jesup
Federal Satellite Low
2680 301 South
Jesup, GA 31599

---

[1] Tonks makes reference to another indictment against him in the Northern District of Iowa but does not specify its relevance to his case before this Court or how his attorney's conduct in this case was constitutionally deficient. In United States v. Tonks, Cr-07-86-LRR (N.D. Iowa), Tonks was sentenced on November 25, 2008, after his sentence in the instant case. Tonks cannot show that any constitutional ineffectiveness arising from the Iowa proceedings affected his sentence before this Court.