UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | **PRELIMINARY ORDER OF** |
|  | : | **FORFEITURE AS TO** |
| - v. - | : | **SUBSTITUTE ASSETS** |
|  | : |  |
| GEORGE BING TONKS, | : | 06 Cr. 771 (PAC) |
| "a/k/a Ian Stone" | : |  |
| "a/k/a Alex Michael Hauser" | : |  |
| "a/k/a David Luiz Silva" | : |  |
| "a/k/a Mike Kaplan" | : |  |
| "a/k/a Michael Warner," | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about September 11, 2006, GEORGE BING TONKS (the "Defendant"), among others, was charged in two-counts of a three-count Indictment, 06 Cr. 771 (PAC) (the "Indictment"), with wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two);

WHEREAS, on or about November 27, 2007, the Defendant pled guilty to Counts One and Two of the Indictment;

WHEREAS, on or about May 8, 2008 the Court entered an Order of Forfeiture (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $1,500,000.00 (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment (D.E. 65);

WHEREAS, to date, $189,660.58 of the Money Judgment entered against the Defendant remains unpaid;

1

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific asset of the Defendant:

    a.    One Gents Rolex Explorer II Oyster Perpetual 40mm, stainless steel oyster band 16570 series, serial number 39778289, seized from the Defendant by the Government on or about June 21, 2006 at the time of his arrest,

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.    Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the partial satisfaction of the Money Judgment entered against the Defendant.

3.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an

interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4.  The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5.  The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

6.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated:   New York, New York
         September 2_ , 2021

                                      SO ORDERED:

                                      _____
                                      HONORABLE PAUL A. CROTTY
                                      UNITED STATES DISTRICT JUDGE